UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, et al.,<br><br>Defendants. | Civil Action No. 13-732 (JDB) |

## ORDER

On August 23, 2013, plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") moved to consolidate this action with <u>Van Hollen et al. v. Internal Revenue Service et al.</u>, 1:13-cv-1276, which is also pending before this Court. On August 30, 2013, defendants in this case filed a motion to dismiss for lack of subject matter jurisdiction, as well as an opposition to plaintiff's motion to consolidate. Plaintiff then filed a reply to defendants' opposition, as well as a motion to stay briefing on defendants' motion to dismiss until the Court decides plaintiff's motion to consolidate. Upon consideration of the entire record herein, and for the reasons set forth below, the Court will grant [7] plaintiff's motion to consolidate and will deny as moot [13] plaintiff's motion to stay briefing on defendants' motion to dismiss.

Federal Rule of Civil Procedure 42 provides, in relevant part, that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a), (a)(2). Consolidation under this rule "is permissive and vests a purely discretionary power in the district court." <u>Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.</u>, 770 F. Supp. 2d 283, 286 (D.D.C. 2011). "In exercising that discretion,

district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated."  Id.  In addition, "consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts."  Hanson v. District of Columbia, 257 F.R.D. 19, 21 (D.D.C. 2009).  "If the parties at issue, the procedural posture and the allegations in each case are different, however, consolidation is not appropriate."  Id. (citing Stewart v. O'Neill, 225 F. Supp. 2d 16, 21 (D.D.C. 2002)).  "In short, 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice.'"  Id. (quoting Chang v. United States, 217 F.R.D. 262, 265 (D.D.C. 2003)).

    Here, both actions arise out of the same set of facts.  In both actions, plaintiffs seek declaratory, injunctive, and mandamus relief based on the Internal Revenue Service's ("IRS") refusal to grant the July 2011 rulemaking petition of Democracy 21 and the Campaign Legal Center.  In both actions, plaintiffs seek the same relief from the same defendant, the IRS[1]: an order directing the IRS to engage in rulemaking to amend the IRS regulations governing 26 U.S.C. § 501(c)(4) organizations.  The Van Hollen plaintiffs assert a claim based on an IRS directive issued after CREW filed its complaint in this action, but the relief requested by plaintiffs in both actions would redress this additional claim, if granted.  Moreover, the Van Hollen plaintiffs consent to consolidation.  See Pl.'s Mot. to Consol. at 3.  Hence, consolidation in this case will allow for convenience and economy for both the parties and the Court, and

---

[1] CREW also names the Acting Commissioner of the IRS in his official capacity as a defendant.  However, a lawsuit against the Commissioner of the IRS in his official capacity is the same as a lawsuit against the IRS.  See Brandon v. Holt, 469 U.S. 464, 469 (1985) ("[O]fficial capacity suits generally represent an action against an entity of which an officer is an agent.") (internal citation omitted).

2

neither confusion nor prejudice to the parties is at issue because both cases are at an early stage of litigation.  Indeed, issuing orders and requiring filings to be made in this single consolidated case will allow for more efficient administration of the case to the benefit of both the Court and the litigants.  See New York v. Microsoft Corp., 209 F. Supp. 2d 132, 148 (D.D.C. 2002).

Defendants nonetheless oppose plaintiff's motion to consolidate on the ground that plaintiff's standing to bring this suit, and thus the Court's jurisdiction to hear plaintiff's action, has been called into question by defendants' motion to dismiss.  They argue that because they have questioned the Court's jurisdiction, the Court should not consolidate the cases until it determines plaintiff's standing.  But, "[c]onsolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."  Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97 (1933) (discussing 28 U.S.C. § 734, the predecessor statute to Rule 42(a)); see also Ind. Pet. Ass'n of Am. v. Babbitt, 235 F.3d 588, 595–96 (D.C. Cir. 2001); Microsoft Corp., 209 F. Supp. 2d at 147-48.  "Rather, consolidation is a purely ministerial act which . . . relieves the parties and the Court of the burden of duplicative pleadings and Court orders."  Microsoft, 209 F. Supp. 2d at 148.  Consolidating this action with Van Hollen et al. v. Internal Revenue Service et al., 1:13-cv-1276, does not affect defendants' argument that the plaintiff in this case lacks standing, which will be resolved after the issue is fully briefed by the relevant parties.

Accordingly, it is hereby

**ORDERED** that [7] plaintiff's motion to consolidate is **GRANTED**; it is further

**ORDERED** that Civil Action No. 13-732 and Civil Action No. 13-1276 are **CONSOLIDATED**; it is further

**ORDERED** that all filings with this Court shall henceforth be filed only in the case

<u>Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of the Treasury, Internal Revenue Serv. et al.</u>, Civil Action No. 13-732; and it is further

**ORDERED** that [13] plaintiff's motion to stay briefing on defendants' motion to dismiss is **DENIED** as moot.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  <u>September 6, 2013</u>